United States District Court

Eastern District of California

Antolin Andrews,

      Plaintiff,                   No. Civ. S 02-1815 FCD PAN P

  vs.                            Findings and Recommendations

Tom L. Carey,

      Defendant.

-oOo-

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in a civil rights action.

The case proceeds on the August 20, 2002, complaint. Plaintiff claims telephone use policies at California State Prison - Solano (Solano) violate his rights of access to the courts, equal protection and due process. Plaintiff pursued an administrative grievance through the third level of review after these policies prevented his telephonic participation in proceedings in the Los Angeles County Superior Court in May and

June of 2002. Defendant denied the grievance at the second level of review.

The complaint seeks a jury trial, a declaration of plaintiff's rights, and costs of suit.

Defendant seeks summary judgment and plaintiff opposes. Plaintiff moves for costs.

Standard on Summary Judgment

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. Id. The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact.  <u>Id</u>. at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Id</u>. at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. <u>Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation</u>, 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  <u>Id</u>. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. <u>Celotex</u>, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry

the party's burden at trial. Id. at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

Undisputed Facts

The following facts are undisputed.

March 25, 2002, plaintiff filed a third amended complaint in Andrews v. Bank of America, et al., Los Angeles County Superior Court No. BC25785, against defendants Bank of America, Gateway, Inc., Joseph Munoz, Pacific Bell Pacific Telesis, Pacific Bell Telephone Company and United Parcel Service. The pleading sought

tort damages for infliction of emotional injury and contributing to wrongful imprisonment.  Demurrers or motions to strike had been sustained as to all three previous complaints.  All defendants filed demurrers to the third amended complaint based on litigation immunity, California decisional law requiring a convict prove his innocence before seeking such damages, and other grounds.  The demurrers were granted and plaintiff did not move to set aside the judgment, nor did he appeal.

Inmates at Solano may make telephonic court appearances, using staff telephones, if a court has issued an order identifying the time and date of the appearance.  Plaintiff had obtained a court order in <u>Andrews v. Bank of America</u> authorizing plaintiff to appeal by telephone "for all future scheduled appearances."  The court ordered the Department of Corrections "to allow [plaintiff] to utilize the telephone under existing policies for access to the court."  The order did not specify a date or time for any appearance.

May 2, 2002, plaintiff filed a grievance requesting arrangements be made for him to appear telephonically May 29, 2002.  The May 15, 2002, informal response to the grievance denied the request on the ground plaintiff needed a court order specifying date and time of appearance.  Plaintiff did not apply to the court for such order.

Arranging for inmates to use staff telephones for court appearances is time consuming and expensive.  Requiring a specific court order assures inmates receive access only when the

court actually needs them to be present.  It prevents inmates from obtaining access to staff telephones through manipulation.

Analysis

Defendant seeks summary judgment on plaintiff's access to the courts claim on the grounds that a prisoner's constitutional right of access to the courts does not extend to superior court tort suits for damages against private entities, plaintiff's failure to appear telephonically at the demurrer hearing was not causally linked to dismissal of the action, and plaintiff's lawsuit was frivolous or meritless.

Prisoners have a constitutional right of access to the courts.  See Lewis v. Carey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Bradley v. Hall, 64 F.3d 1276 (9th Cir. 1995); Vandelft v. Moses, 31 F.3d 794 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608 (9th Cir. 1989) (per curiam).  This may include an obligation to provide photocopies and ink pens, where such services and materials are necessary to an action or appeal. Hiser v. Franklin, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996); Allen v. Sakai, 48 F.3d 1082, 1089-90 (9th Cir. 1995).  To establish a violation of his right of access, a prisoner must show he suffered an "actual injury," i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348; see also Madrid v. Gomez, 190 F.3d 990 (9th Cir. 1999); Vandelft, 31 F.3d at 796; Sands v. Lewis, 886 F.2d 1166 (9th Cir. 1990) (per curiam).  The right of access to the courts is limited

1  to non-frivolous direct criminal appeals, habeas corpus
2  proceedings, and § 1983 actions.  <u>Lewis</u>, 518 U.S. at 353 n. 3 &
3  354-55; <u>Madrid</u>, 190 F.3d at 995.
4       Plaintiff does not contest defendant's evidence or argument
5  and defendant is entitled to summary judgment on plaintiff's
6  access to the courts claim.
7       Defendant seeks summary judgment on plaintiff's equal
8  protection claim.  The Fourteenth Amendment right to equal
9  protection survives incarceration.  <u>See</u> <u>e.g.</u>, <u>Baumann v. Arizona</u>
10 <u>Dep't of Corrections</u>, 754 F.2d 841 (9th Cir. 1985).  Typically,
11 where the plaintiff does not allege a violation of a fundamental
12 right or the existence of a suspect classification, he must show
13 defendants' policies did not bear a rational relation to a
14 legitimate penological purpose.  <u>Turner v. Safley</u>, 482 U.S. 78
15 (1987); <u>Coakley v. Murphy</u>, 884 F.2d 1218 (9th Cir. 1989); <u>Mass.</u>
16 <u>Board of Retirement v. Murgia</u>, 427 U.S. 307 (1976).  Plaintiff
17 has the burden of establishing the challenged policy is
18 unconstitutional.  <u>See</u> <u>Hause v. Vaught</u>, 993 F.2d 1079 (4th Cir.
19 1993); <u>Covino v. Patrissi</u>, 967 F.2d 73 (2d Cir. 1992); <u>Dixon v.</u>
20 <u>Kirby</u>, 210 F. Supp. 792 (S.D. W. Va. 2002); <u>Williams v. Price</u>, 25
21 F. Supp. 2d 605 (W.D. Pa. 1997).
22      Defendant submits evidence the rule at Solano governing use
23 of staff telephones for court appearances is rationally related
24 to the legitimate penological purposes of efficient prison
25 administration and deterring inmate manipulation.  Plaintiff
26

offers nothing to counter this evidence and defendant is entitled to summary judgment on plaintiff's equal protection claim.

Defendant is entitled to summary judgment on plaintiff's due process claim as well.  To establish a deprivation of procedural due process, plaintiff must allege an identified state actor denied him of a specific liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," without due process. <u>Sandin v. Connor</u>, 515 U.S. 472, 483-84 (1995).  Plaintiff asserts that a protectible interest may arise under state law, and here Penal Code § 2601 (which allows inmates to "initiate civil actions") creates an interest sufficient to support his due process claim.  Plaintiff offers nothing, however, to meet <u>Sandin</u>'s requirement of showing his inability to use the telephone for appearance at the demurrer hearing May 29, 2002, amounted to an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Summary judgment for defendant on the due process claim should be granted.

Plaintiff moves for costs of suit, arguing he accomplished a change in prison policy through litigating this action.  Summary judgment should be entered for defendant; plaintiff is not the "prevailing party" under Fed. R. Civ. P. 54(d)(1) and is not entitled to an award of costs.

Accordingly, the court hereby recommends defendant's February 3, 2005, motion for summary judgment be granted and plaintiff's April 13, 2005, motion for costs be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 10 days after being served with these findings and recommendations, any party may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  August 15, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge